UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERTA ANN WARREN, <br><br> Plaintiff, <br><br> v. <br><br> ROSS MEDICAL EDUCATION CENTER, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO.  1:18-cv-00341 <br><br> DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes ROBERTA ANN WARREN ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ROSS MEDICAL EDUCATION CENTER ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, the Michigan Home Solicitations Sales Act ("HSSA") under M.C.L. § 445.111 *et seq.*, and the Michigan Consumer Protection Act ("MCPA") under M.C.L. § 445.901 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within the Western District of Michigan and conducts business in the Western District of Michigan.

## PARTIES

4. Plaintiff is a 56-year-old natural person residing at 1409 South Burdick Street, Kalamazoo, Michigan, which is located within the Western District of Michigan.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant offers educational programs in the healthcare industry. With its principal place of business located at 1188 East Paris Avenue SE, Grand Rapids, Michigan, Defendant regularly solicits consumers throughout the United States, including those located in Michigan.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In the winter of 2016, Plaintiff was conducting an online search for employment and entered her personal information on a couple of websites.

10. In January 2017, Plaintiff began receiving calls from Defendant to her cellular phone, (269) XXX-9440.

11. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9440. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Defendant mainly calls Plaintiff using the phone number (810) 620-7274, but upon belief, it has used other numbers as well.

13. Upon information and belief, the above phone number ending in 7274 is regularly utilized by Defendant to make outgoing calls to consumers it is soliciting for business.

14. When Plaintiff answers Defendant's phone calls, she experiences a brief pause, lasting a couple seconds in length, before she is connected with a live representative.

15. Upon being connected with one of Defendant's live representatives, Plaintiff often hears noises in the background of the phone call, sounding similar to that of a call center.

16. Plaintiff has spoken with a different representative of Defendant on each occasion where she has answered its phone calls.

17. Upon speaking with Defendant, Plaintiff was solicited to enroll in its educational programs.

18. Plaintiff was never interested in returning to school and was unaware as to what Defendant was, so she informed it that she was not interested in its services and demanded that it stop contacting her.

19. Plaintiff has also asked Defendant to remove her from its calling list, and Defendant has assured her that her phone number would be removed from its system.

20. Despite Plaintiff's efforts and Defendant's assurances, the phone calls ensued, and Plaintiff even answered another one of Defendant's calls and inquired as to why it was continuing to call her when she had previously asked to be removed from its calling list.

21. Again, Defendant's representative informed Plaintiff that her phone number would be removed from its system.

22. Yet, Defendant's phone calls continued up through the summer of 2017.

23. Defendant has also called Plaintiff's cellular phone multiple times during the same day, even after being told to stop.

24. Defendant has called Plaintiff's cellular phone at least 51 times since she demanded that it stop calling her.

25. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

26. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $71.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

27. Plaintiff has been unfairly harassed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The brief pause, lasting a couple seconds in length, that Plaintiff experiences during

4

answered calls before being connected to a representative of Defendant is instructive that an ATDS was being used. Similarly, the fact that Plaintiff has spoken with a different representative of Defendant during each conversation, as well as the audible call center noise Plaintiff hears when speaking with Defendant, points to the involvement of an ATDS. Lastly, the frequency and nature of Defendant's calls are indicative of an ATDS.

32. Defendant violated the TCPA by placing at least 51 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by her multiple demands to cease contact.

33. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was made aware of Plaintiff's wishes a handful of times, and it even assured Plaintiff that it would remove her phone number from its calling list. Yet, in defiance of Plaintiff's demands, it continued to knowingly and intentionally place calls to her cellular phone.

WHEREFORE, Plaintiff, ROBERTA ANN WARREN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN HOME SOLICITATION SALES ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "person" as defined by M.C.L. § 445.111(k).

37. Defendant's calls to Plaintiff are "telephone solicitation[s]" as defined by M.C.L § 445.111(m) as they are voice communications over a telephone made for the purpose of encouraging Plaintiff to purchase, rent, or invest in Defendant's goods or services.

38. Defendant is a "telephone solicitor" as defined by M.C.L. § 445.111(n) as it is a person doing business in Michigan who makes or causes to be made telephone solicitations from within or outside Michigan.

39. The HSSA, under M.C.L. § 445.111c(1)(g), provides that it is a violation of the act for a telephone solicitor to "[m]ake a telephone solicitation to a consumer in this state who has requested that he or she not receive calls from the organization or other person on whose behalf the telephone solicitation is made."

40. Defendant violated M.C.L. § 445.111c(1)(g) by continuing to place solicitation calls to Plaintiff's cellular phone after Plaintiff had demanded that such calls cease. Plaintiff clearly and repeatedly requested that she no longer receive calls from Defendant. As such, by continuing to place calls attempting to solicit Plaintiff's business after such requests were made, Defendant violated the HSSA.

WHEREFORE, Plaintiff, ROBERTA ANN WARREN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff actual damages, pursuant to M.C.L. § 445.111c(3);

   c. Awarding statutory damages of at least $250.00, pursuant to M.C.L. § 445.111c(3);

   d. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.111c(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "person" as defined by M.C.L. § 445.902(1)(d).

43. Defendant's conduct involves "trade and commerce" as defined by M.C.L. § 445.902(1)(g) as it is conduct of a business providing services primarily for personal, family or household purposes, including the solicitation of such services.

44. The MCPA, under M.C.L § 445.903, provides that "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful . . . ." The MCPA then provides an extensive list of specific unfair, unconscionable, and deceptive conduct constituting a violation of the MCPA.

45. As illustrated below, Defendant violated several of those specific provisions.

   a. **Violations of M.C.L. § 445.903(1)(b)**

46. The MCPA, pursuant to M.C.L. § 445.903(1)(b), prohibits an entity from "[u]sing deceptive representations . . . in connection with goods or services."

47. Defendant violated M.C.L. § 445.903(1)(b) when it used deceptive means to attempt to solicit Plaintiff's business. Defendant repeatedly made solicitation calls to Plaintiff after being told

7

to stop calling. Through its conduct, Defendant deceptively represented to Plaintiff that it had the legal ability to contact her via an automated system absent consent for such calls.

48. Defendant further violated M.C.L. § 445903(1)(b) when its representative assured Plaintiff that it would remove her name from its calling list, yet continued to place phone calls. In response to Plaintiff's demands that Defendant cease calling, Defendant's representative assured Plaintiff that she would not receive any further calls. However, the calls continued. As such, Defendant violated the MCPA by continuing to place phone calls after deceptively representing that such calls would cease.

### b. Violations of M.C.L. § 445.903(1)(n)

49. The MCPA, pursuant to M.C.L. § 445.903(1)(n) prohibits an entity from "[c]ausing a probability of confusion of or misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction."

50. Defendant violated M.C.L. § 445.903(1)(n) when it continued to call Plaintiff using an automated system absent consent. Through its conduct, Defendant represented to Plaintiff that, notwithstanding her demands that it cease calling, Defendant maintained the lawful ability to continue calling. Such conduct caused a probability of confusion as to Plaintiff's legal rights, as such conduct suggests that Plaintiff could not get Defendant's calls to stop merely by asking. However, under both the TCPA and Michigan law, Defendant was obligated to cease attempts at soliciting Plaintiff's business using an automated system after consent for such calls had been explicitly revoked. By continuing to call notwithstanding Plaintiff's demands and its own assurances, Defendant caused a probability of confusion as to Plaintiff's legal rights to have the solicitation calls stop.

### c. Violations of M.C.L. § 445.903(1)(gg)

8

51. The MCPA, pursuant to M.C.L. § 445.903(1)(gg), provides that it is a violation of the MCPA to violate the HSSA.

52. As illustrated above, Defendant violated the HSSA by continuing to solicit Plaintiff's business after Plaintiff demanded that such calls cease. Therefore, Defendant's conduct also constitutes a violation of the MCPA.

WHEREFORE, Plaintiff, ROBERTA ANN WARREN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from continuing its conduct, pursuant to M.C.L. § 445.911(1)(b);

c. Awarding Plaintiff actual damages, pursuant to M.C.L. § 445.911(2);

d. Awarding statutory damages of at least $250.00, pursuant to M.C.L. § 445.911(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.911(2);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 27, 2018                                   Respectfully submitted,

s/ Nathan C. Volheim                        s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103            Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                       Counsel for Plaintiff
Admitted in the Western District of Michigan   Admitted in the Western District of Michigan
Sulaiman Law Group, Ltd.                    Sulaiman Law Group, Ltd
2500 South Highland Avenue, Suite 200       2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                     Lombard, Illinois 60148
(630) 575-8181 x113 (phone)                 (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                        (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                    thatz@sulaimanlaw.com